IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-46 |
| | ) | (JORDAN/GUYTON) |
| DAVID ALLEN HURST, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER OF COMMITMENT FOR
## MENTAL EXAMINATION AND EVALUATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On November 1, 2006, the parties appeared before the Court for a scheduled motion hearing on Defendant Hurst's Motion to Determine Competency [Doc. 21], filed October 13, 2006, and the government's Motion For Psychiatric Or Psychological Evaluation [Doc. 24], filed October 23, 2006. Assistant United States Attorney Tracy Stone appeared on behalf of the government. Attorney Bruce Poston appeared on behalf of the defendant, who was also present.

In Defendant's motion [Doc. 21], Attorney Poston moves, pursuant to 18 U.S.C. § 4241 (a), for an order for psychiatric and psychological evaluation on the basis that there is reasonable cause to believe Defendant Hurst may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The government, likewise, moves [Doc. 24] the Court for entry of an order directing

1

that a psychiatric or psychological examination of the Defendant be conducted, and that the resulting report be filed with the Court in accordance with 18 U.S.C. § 4247(b) and (c).

After carefully considering Defendant's Motion to Determine Competency [Doc. 21] and the government's Motion For Psychiatric Or Psychological Evaluation [Doc. 24], as well as the representations made by defense counsel at the November 1 hearing, the Court finds there is reasonable cause to believe that the defendant is "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Accordingly, the Court finds that the defendant should undergo a full evaluation under 18 U.S.C. § 4241 (a) and (b). Thus, the motions [**Docs. 21 and 24**] are **GRANTED**.

A status conference and/or competency hearing is set for **December 13, 2006 at 9:00 a.m.** The Court notes that a sentencing hearing in this matter is currently scheduled for January 25, 2007. If it appears that the sentencing hearing will need to be reset, the Court will address that at the December 13, 2006, status conference/competency hearing.

It is therefore **ORDERED:**

1. That defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for the purposes indicated herein and the United States Marshal is hereby directed to transport the defendant to the nearest suitable psychiatric facility (hospital) for purposes of psychiatric evaluation, pursuant to 18 U.S.C. §§ 4241 and 4242. Said commitment shall be for a reasonable period not to exceed forty-five (45) days (to commence when defendant arrives at the facility), unless otherwise ordered.

2. That the receiving facility and doctor in whose primary care the

defendant is placed shall file a written report with this Court pursuant to 18 U.S.C. § 4247(c) as soon as practical with copies to counsel for the government and the defendant, said report to include:

    a. the defendant's history and present symptoms;

    b. a description of the psychiatric, psychological, and medical tests that were employed and their results;

    c. the examiner's findings; and

    d. the examiner's opinions as to diagnosis, prognosis, and

    (1) whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

    (2) whether the defendant suffered from such mental disease or defect which rendered him insane at the time of the offense charged.

3. That a status hearing or hearing on the question of the defendant's competency to stand trial is presently set for **December 13, 2006 at 9:00 a.m.**, pending the return of the defendant and a report on his mental condition from the facility to which he is assigned.

4. That the defendant be given any necessary medications if determined appropriate to do so by the medical staff at the facility;

5. That the psychiatrist/psychologist have access to any Pretrial Services Reports completed on defendant in the instant case; and

6. That the psychiatrist/psychologist have access to all available medical records on the defendant.

7. The names, addresses, and telephone numbers of the Assistant United States Attorney, defense counsel, and defendant's pretrial service officer are as follows:

(a) Government's counsel: Tracy L. Stone
P.O. Box 872, Knoxville, TN 37902
(865) 545-4167

(b) Defense counsel: Bruce E. Poston
103 Suburban Rd., Ste. 301
Knoxville, TN 37923
(865) 675-3365

(c) Pretrial Services Officer: Carol Cavin
800 Market Street, Suite 120, Knoxville, TN 37902
(865) 545-4001

8. The Clerk is directed to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshal.

9. The United States Marshal shall notify the clerk of the court and the undersigned's office promptly when defendant returns to this jurisdiction from the mental evaluation. A competency hearing/status conference has been scheduled for **December 13, 2006 at 9:00 a.m.**

10. The sentencing hearing will, if necessary, be reset at the status conference/competency hearing.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge