IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-46 |
| | ) | (JORDAN/GUYTON) |
| DAVID ALLEN HURST, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This matter came before the undersigned for a competency hearing on March 21, 2007. Assistant United States Attorney Tracy Stone was present representing the government. Attorney Bruce Poston appeared on behalf of Defendant Hurst, who was also present.

By way of background, the Court notes that on November 2, 2006 it granted Defendant's Motion To Determine Competency [Doc. 21] and the government's Motion For Psychiatric or Psychological Evaluation [Doc. 24] and ordered that Defendant be committed for evaluation pursuant to 18 U.S.C. § 4241(d)(1) [Doc. 26]. Defendant was delivered to the Federal Correctional Complex in Butner, NC ("Butner") for evaluation.

1

In accordance with the aforementioned Order [Doc. 26], the Court received an eleven page Forensic Report (dated January 27, 2007), and a three page Forensic Report Addendum (dated January 27, 2007) from Butner ("the Reports"). At the March 21, 2007 competency hearing, Attorney Poston represented to the Court that he had reviewed the Reports with the Defendant, and that the Defendant did not object to said Reports. AUSA Stone indicated to the Court that the government had reviewed the Reports, and that the government had no objections thereto. The government stated that it relied on the Reports as its evidence of the defendant's competency. The Court accepted the Reports.

Pursuant to 18 U.S.C. §§ 4241 and 4247(d), it appears from the Reports, and I so find by a preponderance of the evidence, that the Defendant Hurst is able to understand the nature and consequences of the charges and proceedings against him, and to properly assist an attorney in his own defense. Accordingly, the matter will be reset for sentencing.

It also appears from the Reports, but no finding is made by the undersigned, pursuant to 18 U.S.C. § 4242, that the Defendant Hurst was not insane at the time of the offense charged and that he had no mental disease or defect which would have impaired his ability to appreciate the nature, quality, or wrongfulness of his actions.

Thus, the Court finds that the Defendant Hurst is competent to proceed.

Having found Defendant Hurst competent to proceed, and Hurst having entered a guilty plea, the Court set a new sentencing date of **May 24, 2007, at 1:30 p.m.**, before District Court Judge Leon Jordan.

Accordingly, it is **ORDERED**:

(1) Defendant is **FOUND** competent for all proceedings in this matter; and

(2) Sentencing is set to commence on **May 24, 2007, at 1:30 p.m.**, before the Honorable Leon Jordan, United States District Court Judge.

**IT IS SO ORDERED.**

ENTER:

     s/ H. Bruce Guyton
United States Magistrate Judge